**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

RODNEY FERRER,

                        Plaintiff,

        - v -                                    Civ. No. 9:14-CV-1370
                                                     (GTS/DJS)

STEVEN RACETTE, *et al.*,

                        Defendants.

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF JESSICA M. GORMAN<br>*Attorney for Plaintiff*<br>74 Chapel Street, 2d Floor<br>Albany, N.Y. 12207 | JESSICA M. GORMAN, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General of the State of New York<br>*Attorney for Defendants Racette, Kelly,*<br>*Goodman, Waite, and Jenkins*<br>The Capitol<br>Albany, N.Y. 12224 | CATHY Y. SHEEHAN, ESQ.<br>ORIANA L. CARRAVETTA, ESQ.<br>*Assistant Attorney Generals* |
| LAMARCHE, SAFRANKO LAW FIRM<br>*Attorney for Defendant Frazier*<br>1539 Crescent Road<br>P.O. Box 5437<br>Clifton Park, N.Y. 12065 | ANDREW R. SAFRANKO, ESQ. |
| HARRIS, CONWAY LAW FIRM<br>*Attorney for Defendant Livermore*<br>The Patroon Building<br>5 Clinton Square<br>Albany, N.Y. 12207 | RYAN T. DONOVAN, ESQ. |

LIPPES MATHIAS WEXLER FRIEDMAN LLP    JEFFREY P. MANS, ESQ.
*Attorney for Defendants and Counter Claimants*
*Beecher, Burch, and McClenning*
54 State Street, Suite 1001
Albany, N.Y. 12207

**DANIEL J. STEWART**
**UNITED STATES MAGISTRATE JUDGE**

## DECISION AND ORDER

Plaintiff Rodney Ferrer moves to quash a subpoena issued, after the close of discovery, by Attorney Jeffrey Mans, who is counsel for several of the Defendants. Dkt. No. 113 & 117. The subpoena in question seeks to require the New York State Department of Corrections and Community Supervision ("DOCCS") to disclose certain Inmate Informational Reports relating to Plaintiff during a six-month period of time from June 1, 2011 to November 30, 2011. *Id.* The Defendants oppose the Motion to Quash. Dkt. No. 116. For the reasons that follow, the Plaintiff's request to quash the subpoena is **granted**.

## I. BACKGROUND

On November 12, 2014, Plaintiff, by his counsel, filed a civil rights Complaint against several DOCCS employees arising out of various incidents which allegedly occurred at the Great Meadow Correctional Facility, culminating in an allegedly unlawful and wrongful assault of Plaintiff on November 15, 2011. Dkt. No. 1, Compl., at ¶¶ 19-67. Plaintiff alleges that as a result of Defendants' misconduct, he was "seriously injured." *Id*. at ¶¶ 88, 93, & 105.

This case has been in the discovery phase for over a year. On October 28, 2015, the Court issued a Uniform Pretrial Scheduling Order ("UPSO"), which directed that discovery be

completed by June 17, 2016. Dkt. No. 45. Since the issuance of the UPSO, the parties have sought Court intervention regarding several discovery disputes, and have sought extensions of the discovery deadline, which were granted. *See* Dkt. Nos. 68, 78, 79, 82, 83, 84, 87, 88, 89, 92, 94, & 104 (orders issued regarding discovery disputes after discovery telephone conference held); Dkt. Nos. 68 (Text Order reserving on extension request until status report filed on July 18, 2016); 91 (Text Order extending discovery, at request of the parties, to December 30, 2016); 103 (Text Order extending discovery, at request of the parties, to February 28, 2017). Despite short extensions granted in order to complete certain depositions,[1] the discovery deadline ended on February 28, 2017.

On or about March 16, 2017, counsel for Defendants Beecher, Burch, and McClenning, issued a subpoena to DOCCS requesting "[c]ertified copies of all Inmate Informational Reports from Great Meadow Correctional Facility regarding the plaintiff, inmate Rodney Ferrer (DIN 08-A-2299) from June 1, 2011 to November 30, 2011." Dkt. No. 115. The original subpoena was dated March 16, 2017, and called for the production of the requested information on March 24, 2017. *Id*. But, the subpoena was not served upon Plaintiff's counsel until March 22, 2017. Dkt. No. 113.[2] On that date Plaintiff's counsel wrote to the Court requesting an immediate telephone conference. *Id.* That request was granted and a conference with all counsel and the

---

[1] The Court thereafter entertained additional requests to extend the discovery deadline in order to accommodate a single deposition that had to be rescheduled on several occasions. Dkt. Nos. 108 & 111 (Letter-Motions seeking extensions); Dkt. Nos. 109 & 112 (Orders extending the deadline to March 17, 2017, and April 21, 2017, respectively).

[2] FED. R. CIV. P. 45(a)(4) requires that, when subpoenaing the production of materials, notice must be served on all parties *before* the subpoena is served. Defense counsel has attempted to rectify this error by simply re-serving the subpoena on DOCCS and Plaintiff's counsel on March 23, 2017, but leaving the date for production of the records on the following day, March 24. Dkt. No. 115.

Court was held the next day. *See* Text Minute Entry, dated Mar. 24, 2017. At that time, I directed additional briefing from the parties, and further directed that DOCCS submit the disputed documents directly to the Court for an *in camera* review. *Id.* That supplemental briefing has now been submitted, Dkt. Nos. 116 & 117, and the disputed documents were supplied on May 1, 2017.

## II. DISCUSSION

This Court has broad discretion to manage and direct the discovery process in the cases before it. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004); *McKay v. Triborough Bridge and Tunnel Auth., et al*, 2007 WL 3275918 at *1 (S.D.N.Y. Nov. 5, 2007). In the present case, the Court issued a UPSO, which was then modified on several occasions to comport with the realities of litigation and the desires of the parties. However, the final deadline for discovery, February 28, 2017 (with the exception of a single deposition), has now expired. No request for an extension of the UPSO has been made by Attorney Mans, or any other counsel.

In light of the foregoing, the question then becomes whether it is appropriate for counsel to issue a subpoena in order to obtain discovery information after the discovery deadline has expired. Stated simply, it is not appropriate nor is it authorized.

As noted consistently by courts in this jurisdiction, the importance of compliance with the pretrial scheduling order "cannot be overstated." *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003). Furthermore, and pertinent to the issue before me, "[w]hen a party issues subpoenas after the discovery deadline has passed to obtain documents the party was aware of before the discovery cutoff date, the subpoenas and discovery requests should be

denied." *Hickey v. Meyers*, 2013 WL 2418252, at * 5 (N.D.N.Y. June 3, 2013) (citing *McNearney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995)). Instead, the party seeking discovery should make an application to reopen discovery, which application must satisfy the good cause standard. *McKay*, 2007 WL 3275918, at *2.

Defense counsel maintains that the request to quash must be denied because Plaintiff lacks standing to quash the subpoena. Dkt. No. 116. The Court disagrees for two reasons. First, the issue of standing is separate and distinct from the timeliness issue, and the fact that the timing of the service of the subpoena violates the scheduling deadlines set by the Court forms an independent basis to grant the request to quash. *McKay*, 2007 WL 3275918, at *3 (holding that in light of the untimeliness of the subpoena, arguments regarding plaintiff's standing are moot); *McNearney*, 164 F.R.D. at 588 (noting that the issuance of a subpoena after the close of discovery is a more fundamental problem than that of standing). Second, the records in question relate to the Plaintiff's disciplinary history at the correctional facility, and, in particular, detail his participation in certain counseling sessions at the behavioral health unit in the facility. These documents, therefore, relate to certain interests which are sufficiently private in nature to grant Plaintiff standing. 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 45.50 (3d ed. 2007) (where a party claims a "personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash" the subpoena.); *see also Sky Medical Supply Inc. v. SCS Support Claim Servs., Inc.*, 2017 WL 1133349 (S.D.N.Y Mar. 24, 2017).

Having determined that Plaintiff may properly seek to quash the subpoena, I now turn

to the basis for the request. In light of the timeline set forth above regarding the expiration of the discovery deadline and the service of the subpoena, it is undisputed that the subpoena was not timely served. As noted by Attorney Gorman in her submissions, the Defendants' theory that this was a premeditated attack by the Plaintiff (which is precisely what the Defendants seek to establish through the subpoenaed documents) was well-known prior to the discovery cut-off date, and in fact was commented upon by numerous corrections officers in question-and-answer sessions that occurred as early as November 2011, and was the subject of specific deposition questioning in the case. *See* Dkt. No. 117. Defendants' counsel has not disputed this fact in the submissions to the Court, and, therefore, no compelling basis for waiting until after the discovery deadline to seek these records has been presented. Accordingly, because the subpoena violates the UPSO, as amended, in this case, the request to quash the subpoena is **granted**.[3]

**WHEREFORE**, it is hereby

**ORDERED**, that the Plaintiff's request to quash the subpoena issued to DOCCS for the production of certain Inmate Informational Reports involving Inmate Rodney Ferrer is **granted**.

**IT IS SO ORDERED**.

---

[3] Because the Court has determined that the subpoena is untimely, I need not consider whether the information sought is even proportionally relevant to the needs of the case. *Hynes v. Coughlin*, 79 F.3d 285 (2d Cir. 1996); *Lombardo v. Stone*, 2002 WL 113913 (S.D.N.Y. Jan. 29, 2012); *Holloway v. Mithcell-Oddey*, 488 F. Supp. 2d 239 (N.D.N.Y. 2007).

Date: May 4, 2017
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge